10-5090-ag
Oliva-Flores v. Holder

BIA
LaForest, IJ
A097 831 363
A097 831 364

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand twelve.

PRESENT:
>           JOHN M. WALKER, JR.,
>           PETER W. HALL,
>           DENNY CHIN,
>                   *Circuit Judges.*

_____

WILLIAM WESLEY OLIVA-FLORES,
JIMMY ARIEL FLORES,
>           *Petitioners,*

>           v.                                          10-5090-ag
>                                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONERS:        Howard L. Baker, Wilens & Baker, P.C.,
                        New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General;
                        Paul Fiorino, Senior Litigation

**Counsel; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners William Wesley Oliva-Flores and Jimmy Ariel Flores, natives and citizens of Guatemala, seek review of a November 23, 2010, decision of the BIA affirming the September 22, 2008, decision of Immigration Judge ("IJ") Brigitte LaForest denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re William Wesley Oliva-Flores, Jimmy Ariel Flores*, Nos. A097 831 363/364 (B.I.A. Nov. 23, 2010), aff'g Nos. A097 831 363/364 (Immig. Ct. N.Y. City Sept. 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered both the IJ's decision and the BIA's decision "for the sake of completeness." *See Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Petitioners argue that the agency erroneously found that they were not members of a particular social group comprised of young Guatemalan men resisting gang recruitment. The BIA has long interpreted the term "social group" to mean "a group of persons all of whom share a common, immutable characteristic." *Matter of Acosta*, 19 I.&N. Dec. 211, 233 (BIA 1985). An "immutable characteristic" is one that members of the group "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Id*. A cognizable social group must: (1) exhibit a shared characteristic that is socially visible to others in the community; and (2) be defined with sufficient particularity. *See Matter of A-M-E & J-G-U-*, 24 I.&N. Dec. 69, 74-76 (BIA 2007), *aff'd by Ucelo-Gomez v.*

*Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). The "social visibility" test requires that the shared traits that characterize the social group be sufficient to identify members of that group to others in the community, particularly to potential persecutors. *See Matter of C-A-*, 23 I.&N. Dec. 951, 960-61 (BIA 2006); *see also Matter of A-M-E & J-G-U-*, 24 I.&N. Dec. at 74. "[B]roadly-based characteristics such as youth and gender" will not by themselves suffice to define a particular social group. *Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991). Rather, these shared traits must be "recognizable and discrete." Further, a social group cannot be defined exclusively by the fact that its members have been subjected to harm. *Matter of A-M-E & J-G-U-*, 24 I.&N. Dec. at 74.

In this case, the agency reasonably relied on its decision in *Matter of S-E-G-*, 24 I.&N. Dec. 579, 582-88 (BIA 2008), to find that Petitioners' proposed social group – young Guatemalan men who have resisted gang recruitment – lacks the particularity and social visibility required for it to constitute a particular social group. As in *Matter of S-E-G-*, the social group is amorphous and fails the particularity requirement because young Guatemalan men "make up a potentially large and diffuse segment of society." *Id*. at 585. Further, the Petitioners offered "no evidence . . . to show that gang members limit recruitment efforts to male children who fit the . . . description, or do so in order to punish them for these characteristics." *Id*. at 585. Similarly, the Petitioners offered no evidence that their proposed social group of young Guatemalan men who resist gang recruitment was socially visible, as there was no evidence in the record that they were in any different situation than any other victim of gang violence in Guatemala. Supporting documents provided by the Petitioners reflect, in fact, that gangs in Guatemala do not limit their recruitment efforts to young men; rather they have attempted to recruit children as young as 13, as well as women. The Petitioners' testimony described a state of general lawlessness in Guatemala where everyone is subject to harassment and violence from the gang members.

Petitioners argue that the agency's application of the particularity and social visibility elements in *Matter of S-E-G-* was too rigid and did not comport with *Matter of Acosta*. While the BIA's decision in *Matter of S-E-G-* is not binding on

3

this Court, its analysis is consistent with our case law on similar issues. *See Ucelo-Gomez*, 509 F.3d at 73 (giving *Chevron* deference to BIA decision requiring an applicant to demonstrate social visibility and particularity in order to show that he was persecuted on account of his membership in a particular group). Because Petitioners did not present the agency with any evidence to compel the conclusion that Guatemalan men who resist gangs are a socially visible segment of the population, the agency did not err in concluding that the group does not constitute a "particular social group." *See Matter of S-E-G-*, 24 I. & N. Dec. at 582-88; *see also Ucelo-Gomez*, 509 F.3d at 73.

Petitioners argue that they are also members of a particular social group comprised of "young males from lower economic classes who resist gang membership." Petitioners, however, did not raise this argument with the agency, and we decline to consider it. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007).

Further, the agency reasonably concluded that the Petitioners were not subject to persecution on the basis of any actual or imputed political opinion. In order to demonstrate that persecution (past or prospective) bears a nexus to an applicant's political opinion, the applicant must show that the persecutor was motivated by his or her perception of the *applicant's* opinion, rather than merely by his or her *own* opinion. *See Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). It is insufficient to demonstrate that a persecutor acted or is likely to act from "a generalized political motive." *INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (internal quotation marks and citations omitted). Here, nothing in the record compels the conclusion that the gang members targeted the Petitioners on the basis of any actual or imputed political opinion. The agency did not err in finding that Petitioners failed to demonstrate the nexus to a protected ground required to establish their eligibility for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *see also Elias-Zacarias*, 502 U.S. at 482-83.

Finally, the agency reasonably concluded that Petitioners failed to demonstrate a likelihood of torture by or with the acquiescence of the government of El Salvador. The agency's

4

regulations define torture, in pertinent part, "as any act by which severe pain or suffering . . . is intentionally inflicted . . . [for certain purposes] when such pain or suffering is inflicted by or at the acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).  We have held that "acquiescence . . . requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 170-71 (2d Cir. 2004).  Petitioners argue that substantial evidence in the record demonstrates that the Guatemalan government's failure to control the criminal gangs constitutes a "pattern or practice of persecution" such that they are entitled to CAT relief.  The Petitioners' argument conflates the standard for CAT relief with the standard for asylum and withholding of removal.  Further, although there was evidence in the record suggesting that the government of Guatemala is not entirely successful in controlling the gangs, Petitioners offered no evidence that this failure rises to acquiescence in the gangs' activities.  Accordingly, the agency did not err in determining that Petitioners failed to demonstrate they would likely be tortured with the acquiescence of Guatemalan government officials.  *See Khouzam*, 361 F.3d at 170-71.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5