10-1500-ag
Paucar-Sarmiento v. Holder

BIA
Van Wyke, IJ
A099 515 498

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*[*]

_____

MANUEL PAUCAR-SARMIENTO,
> *Petitioner*,

> v.                                    10-1500-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES
DEPARTMENT OF JUSTICE, EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW,
> *Respondents*.

_____

---

[*] The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

**FOR PETITIONER:**        Manuel Paucar-Sarmiento, *pro se*, Corona, New York.

**FOR RESPONDENTS:**       Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Kelly J. Walls; Ilissa M. Gould, Trial Attorneys, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Manuel Paucar-Sarmiento, a native and citizen of Ecuador, seeks review of a March 24, 2010 decision of the BIA affirming the June 12, 2008 decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manuel Paucar-Sarmiento*, No. A099 515 498 (B.I.A. Mar. 24, 2010), *aff'g* No. A099 515 498 (Immig. Ct. N.Y.C. June 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision.

We have reviewed both the BIA's and IJ's opinions, for completeness. See *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d

Cir. 2008). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); See *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

For applications like this one, which are governed by the REAL ID Act, the applicant must establish persecution based on "race, religion, nationality, membership in a particular social group, or political opinion" to demonstrate eligibility for asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(1)(B)(i) 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341 (BIA 2010); *Matter of J-B-N- & S-M-*, 24 I. & N. Dec. 208 (BIA 2007). As the agency determined, Paucar-Sarmiento's showing fell short because he failed to establish the required nexus between the harm suffered and feared and one of the protected grounds.

To demonstrate that an applicant's political opinion was or will be "at least one central reason" for his persecution (past or prospective), 8 U.S.C. § 1158(b)(1)(B)(i), the applicant must show that the persecutor was motivated by his or her perception of the *applicant's* opinion, rather than merely by his or her *own* opinion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545

3

(2d Cir. 2005). In this case, Paucar-Sarmiento failed to demonstrate that gang members harmed him or would harm him because of his political opinion. He testified that they attacked him for refusing recruitment when they were attempting to increase their group's size and not because of any beliefs Paucar-Sarmiento held. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (holding that the "existence of a generalized political motive underlying . . . forced recruitment is inadequate to establish (and, indeed, goes far to refute) the proposition that [petitioner] fears persecution *on account of* political opinion" (internal quotation marks omitted)).

Paucar-Sarmiento also failed to demonstrate his membership in a "particular social group." A "particular social group" must: (1) "share a common, immutable characteristic" that has a level of "social visibility" sufficient to identify members to others in the community, particularly to potential persecutors; and (2) be defined with sufficient particularity. *Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 73-76 (BIA 2007); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007)(holding BIA precedential opinion employing these facts to the reasonable interpretation.) Applying this framework in *Matter of S-E-*

4

*G-*, 24 I. & N. Dec. 579 (BIA 2008), the BIA considered the cases of applicants from El Salvador who, like Paucar-Sarmiento with regard to Ecuador, claimed eligibility for asylum and withholding of removal based on their status as a member of a set of young men who resisted recruitment by gangs.  The BIA concluded that the proposed group did not satisfy the "particularity" and "social visibility" tests set forth in *Matter of A-M-E- & J-G-U*, in part because "victims of gang violence come from all segments of society, and it is difficult to conclude that any 'group,' as actually perceived by the criminal gangs, is much narrower than the general population."  *Matter of S-E-G-*, 24 I. & N. Dec. at 582-88; *see also Matter of E-A-G-*, 24 I. & N. Dec. 591, 594 (BIA 2008).

Precedential BIA decisions such as *Matter of S-E-G-* are eligible for *Chevron* deference insofar as they represent the BIA's authoritative interpretations of the statutes Congress has empowered it to enforce.  *Ucelo-Gomez*, 509 F.3d at 72; *see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-45 (1984).  Here, we defer to the agency's interpretation of the statute as announced in *Matter of S-E-G-*.  Because that decision rejects as a "particular social group" one that is for purposes of our

5

review indistinguishable from the group proposed here, we conclude that Paucar-Sarmiento's social group claim fails.

Finally, even liberally construing Paucar-Sarmiento's *pro se* brief as raising a challenge to the agency's denial of CAT relief, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), we conclude that the agency did not err in finding that Paucar-Sarmiento failed to demonstrate a likelihood of torture by or with the acquiescence of the Ecuadorean government.  The record evidence of country conditions does not support a finding that the Ecuadorean government acquiesces in the actions of criminal gangs, and Paucar-Sarmiento himself testified that Ecuadorean police had provided him some assistance in the past.  *See* 8 C.F.R. § 1208.18(a)(1) (requiring torture cognizable under CAT to be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 170-71 (2d Cir. 2004) (holding that cognizable acquiescence "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk