Pereanez-Betancur v. Sessions

BIA
Verrillo, IJ
A201 285 549

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT:
        REENA RAGGI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

JHOVANY PEREANEZ-BETANCUR, AKA
AMBROSIO ROJAS-CASARES,
        *Petitioner,*

        v.                                    15-325
                                              NAC
JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.**

_____

| | |
|---|---|
| **FOR PETITIONER:** | Elyssa N. Williams, Glenn L. Formica, New Haven, C.T. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. |

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Blakeley, Assistant Director; Jason Wisecup, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jhovany Pereanez-Betancur, a native and citizen of Colombia, seeks review of a January 9, 2015, decision of the BIA affirming a June 18, 2013, decision of an Immigration Judge ("IJ") denying Pereanez-Betancur's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jhovany Pereanez-Betancur*, No. A201 285 549 (B.I.A. Jan. 9, 2015), *aff'g* No. A201 285 549 (Immig. Ct. Hartford June 18, 2013). In the circumstances of this case, we review the IJ's decision as modified by the BIA, *i.e.*, assuming Pereanez-Betancur's credibility. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). In so doing, we review factual findings only to determine whether they are supported by substantial evidence, and conclusions of law

2

*de novo*.  *See Niang v. Holder*, 762 F.3d 251, 253 (2d Cir. 2014).

## I.   Persecution Based on Social Group

The agency reasonably concluded that Pereanez-Betancur failed to establish a nexus to a protected ground, which he alleged was a social group comprised of Colombian males between the ages of 12 and 25 who cooperate with Colombian authorities in resisting Fuerzas Armadas Revolucionarias de Colombia ("FARC").

To establish eligibility for asylum and withholding of removal based on membership in a "particular social group," an applicant must show past persecution or a well-founded fear or likelihood of future persecution on account of his membership in that group.  *See* 8 U.S.C. § 1101(a)(42)(A); *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010).  To be cognizable, a social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Matter of W-G-R-*, 26 I. & N. Dec. 208, 212-18 (B.I.A. 2014).  An "immutable characteristic" is one that members of the group "either cannot change, or should not be required to change

3

because it is fundamental to their individual identities or consciences." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-73 (2d Cir. 2007) (internal quotation marks omitted). "'Particularity' refers to whether the group is 'sufficiently distinct' that it would constitute 'a discrete class of persons.'" *Matter of W-G-R-*, 26 I. & N. at 210 (quoting *Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (B.I.A. 2008)). Social distinction requires that the shared traits that characterize the social group be sufficient for the group to "be perceived as a group by society." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240; *see Matter of W-G-R-*, 26 I. & N. Dec. at 216; *Paloka*, 762 F.3d at 196 ("[W]hat matters is whether society as a whole views the group as socially distinct, not the persecutor's perception."). "[B]roadly-based characteristics such as youth and gender" will not by themselves suffice to define a particular social group. *Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991). Rather, the shared traits must be "recognizable as a discrete group by others in the society." *Paloka*, 762 F.3d at 196 (internal quotation marks omitted). "Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." *Id.*

4

(quoting *Matter of W-G-R-*, 26 I. & N. Dec. at 215). That is because, while "perception of the applicant's persecutors may be relevant" in determining whether society views the group as distinct, it "is not itself enough to make a group socially distinct" because "the immutable characteristic of their shared past experience" can exist "independent of the persecution." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 242-43.

The agency reasonably concluded that Pereanez-Betancur failed to establish persecution based on membership in such a social group. Specifically, Pereanez-Betancur submitted no evidence that young Colombian males who cooperated with the government and resisted FARC are viewed as a particular and socially distinct group by Colombian society or that FARC is more likely to target such men. Indeed, FARC allegedly targeted Pereanez-Betancur before he reported its activities to the police. In any event, persons targeted by a common adversary do not thereby constitute a particular and distinct social group. Rather, the evidence must show that men were targeted because they were members of such a group. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 242-43; *see generally Salazar v. Lynch*, 645 F. App'x 53, 56 (2d Cir. 2016) (concluding young

Guatemalan men who resist or reject forcible gang membership lacked requisite particularity and social visibility); *Oliva-Flores v. Holder*, 477 F. App'x 774, 775–76 (2d Cir. 2012) (same); *Paucar-Sarmiento v. Holder*, 482 F. App'x 656, 658–59 (2d Cir. 2012) (same regarding young Ecuadorian men).   The country conditions evidence reflects that FARC recruits young men in Colombia, but does not limit its retaliatory targets to that group, or even to a group that cooperates with authorities.

On this record, we discern no error in the agency's conclusion that Pereanez-Betancur failed to demonstrate persecution based on membership in a sufficiently particular or socially distinct group.

## II.  CAT Relief

Pereanez-Betancur argues that he is eligible for CAT relief because FARC members came to his home and threatened to kill him and because the Colombian government remains willfully blind to FARC's activities.

To obtain CAT relief, an applicant must show that he would more likely than not be tortured by or with the acquiescence of government officials in the country of removal.   *See* 8 C.F.R. § 1208.16(c); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.

6

2004).  As we held in *Khouzam*, "acquiescence" requires that government officials either knew of or remained willfully blind to acts of torture.  *Id.* at 171.  The agency reasonably concluded that Pereanez-Betancur failed to carry this burden.  While he submitted evidence that FARC commits acts of violence against civilians, recruits young boys into its ranks, and retaliates against those who report FARC activities to the police, that evidence also shows that the Colombian government has taken considerable steps to combat and weaken FARC.  On this record, a reasonable fact finder would not be compelled to conclude that Pereanez-Betancur is likely to be tortured with the knowledge or willful blindness of the Colombian government.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005) (reviewing denial of CAT relief for substantial evidence); *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." (internal quotation marks omitted)).  Accordingly, we identify no error in the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8