13-4813
Jonatan v. Lynch

BIA
Elstein, IJ
A094 824 682

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand fifteen.

PRESENT:
        ROBERT A. KATZMANN,
            *Chief Judge,*
        JOHN M. WALKER, JR.,
        DENNY CHIN,
            *Circuit Judges.*

_____

ANDREAS JONATAN, AKA IRHAN YONATA,
        *Petitioner,*

        v.                                    13-4813
                                              NAC

LORETTA E. LYNCH, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*[1]

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONER:**     Scott Eric Bratton, Cleveland, Ohio.

**FOR RESPONDENT:**     Joyce R. Branda, Acting Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Andreas Jonatan, a native and citizen of Indonesia, seeks review of a November 26, 2013, decision of the BIA, affirming the December 14, 2011, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Andreas Jonatan*, No. A094 824 682 (B.I.A. Nov. 26, 2013), *aff'g* No. A094 824 682 (Immig. Ct. N.Y. City Dec. 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards

2

of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.  Asylum

"[A]n asylum application is frivolous if any of its material elements is deliberately fabricated.  Such finding shall only be made if the [IJ or BIA] is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim."  8 C.F.R. § 1208.20. Here, the IJ reasonably found that Jonatan filed a frivolous asylum application.

In finding Jonatan's asylum application frivolous, the IJ met all of the required procedural safeguards. *See Biao Yang v. Gonzales*, 496 F.3d 268, 275 (2d Cir. 2007) (*per curiam*).  Indeed, Jonatan was given written warning of the consequences of filing a frivolous asylum application, which constituted adequate notice. *See Gade Niang v. Holder*, 762 F.3d 251, 254 (2d Cir. 2014) (*per curiam*).  Furthermore, the IJ made a specific finding that Jonatan knowingly filed a frivolous application reasonably relying on Jonatan's admission that his original asylum application was submitted under a false identity and contained fabricated events and

3

documentation.  Finally, the IJ gave him an opportunity to account for the discrepancies, which Jonatan admitted were due to the fact that he lied on his original asylum application.

**II.  Withholding of Removal and CAT Relief**

For asylum applications governed by the REAL ID Act, such as Jonatan's, the agency may base a credibility finding on inconsistencies in an asylum applicant's statements "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  Here, the adverse credibility determination is supported by substantial evidence.

First, the agency reasonably determined that the numerous deliberate falsifications in Jonatan's original asylum application called into question the believability of his amended application. "We have 'frequently . . . held [that] an IJ's application of the maxim *falsus in uno,*

4

*falsus in omnibus* [false in one thing, false in everything] may at times be appropriate.'" *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (alterations in original) (quoting *Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 123 (2d Cir. 2006)).

The agency also reasonably determined that inconsistencies in Jonatan's evidence regarding the number of times he was attacked in June 1990, whether he was verbally threatened during a robbery, and whether a bomb exploded near his church reflected negatively on his credibility. The agency was not required to credit his explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also found that Jonatan failed to adequately corroborate his claim. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (*per curiam*). Jonatan does not challenge that

5

finding.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

Given the frivolousness, inconsistency, and corroboration findings, substantial evidence supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167.  Although that determination was dispositive of withholding of removal and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006), we nevertheless review and find reasonable the agency's alternative finding that Jonatan failed to satisfy his burden of proof for CAT relief.  *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (*per curiam*); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6