15-2787
Jiang v. Boente

BIA
Nelson, IJ
A087 794 867

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

NAI WU JIANG,
> *Petitioner,*

> v.                                               15-2787
>                                                  NAC
DANA J. BOENTE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

_____

---

* The Clerk of Court is respectfully requested to amend the caption to conform to the above.

**FOR PETITIONER:**          Gary J. Yerman, New York, NY.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Michele Y.F. Sarko, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nai Wu Jiang, a native and citizen of the People's Republic of China, seeks review of an August 17, 2015, decision of the BIA affirming a December 4, 2013, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and concluding that he knowingly made a frivolous application for asylum. *In re Nai Wu Jiang,* No. A087 794 867 (B.I.A. Aug. 17, 2015), *aff'g* No. A087 794 867 (Immig. Ct. N.Y. City Dec. 4, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we do not address the IJ's suggestion that Jiang's asylum claim might have been untimely, because the BIA declined to affirm that finding. *Id.* As to the agency's adverse credibility and frivolousness determinations, the applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I. The Adverse Credibility Determination**

Because a frivolousness finding is only "effective as of the date of a final determination," 8 U.S.C. § 1158(d)(6), we first consider the denial of relief on the merits. Under the REAL ID Act, an IJ may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on" inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Here, substantial evidence supports the adverse credibility determination.

3

The IJ reasonably relied on Jiang's admission that he fabricated his initial application to find not credible Jiang's testimony regarding his practice of Christianity in the United States. "[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence," justifying the "application of the maxim *falsus in uno, falsus in omnibus* [false in one thing, false in everything]." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Moreover, the IJ reasonably found Jiang's claim regarding his Christian religious practice not to be credible, in light of Jiang's failure to provide robust corroboration of his practice of Christianity (excepting a letter from a church in New York). *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Consequently, the "totality of the circumstances" supports the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. That determination is dispositive of asylum, withholding of removal, and CAT relief, as all three claims depended on Jiang's credibility as to his Christianity. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

## II. Frivolousness Finding

In making a frivolousness determination, an IJ must (1) give "'notice to the alien of the consequences of filing a frivolous application'"; (2) make "'a specific finding . . . that the alien knowingly filed a frivolous application'"; (3) identify "'sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated'"; and (4) allow the alien "'sufficient opportunity to account for any discrepancies or implausible aspects of the claim.'" *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 180 (2d Cir. 2008) (quoting *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (BIA 2007)). A "written warning contained in [an] asylum application" can provide sufficient notice of the consequences of filing a frivolous application. *Gade Niang v. Holder*, 762 F.3d 251, 254 (2d Cir. 2014). A frivolousness finding must be supported by a preponderance of the evidence. *Matter of Y-L-*, 24 I. & N. Dec. at 157.

Jiang does not dispute that "material elements" of his original application were "deliberately fabricated," or that he received "sufficient opportunity to account for any discrepancies or implausible aspects" of his asylum claim. *Mei*

5

*Juan Zheng*, 514 F.3d at 180 (internal quotation marks omitted). Instead, he argues that *Gade Niang* does not apply because, in that case, the petitioner did not dispute that he received and understood the warnings on his application, whereas Jiang testified that those warnings were never translated for him. *Gade Niang*, 762 F.3d at 254 n.1.

As discussed above, the agency's credibility determination is supported by substantial evidence. Given this finding on credibility, the IJ was not required to credit Jiang's testimony that he did not receive notice. *See Siewe*, 480 F.3d at 170. Moreover, the record includes sufficient evidence of notice, including signed statements in English and Chinese confirming that the contents of his application were true and that he would be forever barred from receiving immigration benefits if he knowingly filed a frivolous asylum application. The contents of the notice to Jiang were sufficient. *See* 8 U.S.C. §§ 1158(d)(4)(A), (6).

Although Jiang argues that he filed the false application under the influence of his previous attorney, this point does not change the fact that Jiang knowingly submitted a fabricated application and testified to the contents of that application

6

at his asylum interview.  Accordingly, Jiang received adequate notice, and we see no basis to disturb the agency's conclusion that Jiang knowingly submitted a frivolous application.  *See* 8 U.S.C. §§ 1158(d)(4)(A), (6); *Mei Juan Zheng*, 514 F.3d at 180. Further, the frivolousness finding bars Jiang from receiving any immigration benefits arising from his marriage to a U.S. citizen.  *See* 8 U.S.C. § 1158(d)(6).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7