Jin v. Sessions

BIA
Schoppert, IJ
A200 168 536

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand seventeen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

GUIYU JIN, AKA GUIOK KIM,
> *Petitioner,*

v.                                                      16-1
                                                        NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Wei Gu, Whitestone, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Keith I.
                         McManus, Assistant Director; Scott
                         M. Marconda, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guiyu Jin, an alleged native of the People's Republic of China and citizen of South Korea, seeks review of a December 4, 2015, decision of the BIA, affirming a June 18, 2014, decision of an Immigration Judge ("IJ") denying Jin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and concluding that she knowingly made a frivolous application for asylum. *In re Guiyu Jin,* No. A200 168 536 (B.I.A. Dec. 4, 2015), *aff'g* No. A200 168 536 (Immig. Ct. N.Y. City June 18, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

## I. Adverse Credibility Determination

Because a frivolousness finding is only "effective as of the date of a final determination," 8 U.S.C. § 1158(d)(6), we first consider the denial of relief on the merits. For asylum applications like Jin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on "the inherent plausibility of the applicant's" account and on inconsistencies in her statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies between Jin's testimony and the Government's evidence concerning Jin's date of entry to the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Jin maintained throughout her testimony, and wrote in each application, that she entered the United States in August 2010, through the Mexico-California border and that she never entered before that date. The

3

Government's records, however, reflect that an individual named "Guiok Kim," whose birthdate and fingerprints matched Jin's, had twice previously gained entry to the United States in November 2006 and November 2007 using a South Korean passport and a visa obtained in South Korea. There was no record of Guiok Kim departing the United States after the 2007 entry. When confronted with this evidence, Jin did not proffer an explanation. Instead, she maintained that her first and only entry occurred in August 2010. The agency reasonably concluded that this discrepancy "cast serious doubt" on Jin's entire claim, particularly as her 2013 asylum application listed Guiok Kim as a name she had used previously. This inconsistency, even standing alone, supports the adverse credibility determination because it calls into question Jin's identity and completely undermines her claim that she was arrested in China in 2010 given the Government's evidence placing her in the United States at that time. *Cf. Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding.").

4

Nor does Jin attempt to explain this discrepancy in her brief. Instead, she faults the agency for crediting the Government's evidence over hers, which consisted of letters from family in China, a Public Security Penalty Decision dated May 2010 issued to Jin for renting a room to North Korean refugees, and a medical record for her hospitalization in China following the alleged May 2010 beating. Jin's argument is unavailing. "Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 44 (2d Cir. 2000)); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that this Court generally defers to the agency's evaluation of documentary evidence). Accordingly, because the agency's finding is "tethered to the evidentiary record," we accord it deference. *Siewe*, 480 F.3d at 168-69.

The agency also reasonably found parts of Jin's testimony concerning how she came to procure a massage license in Florida to be implausible. "[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007); *see*

5

*also* 8 U.S.C. § 1158(b)(1)(B)(iii).  Such a finding cannot be based on "bald speculation or caprice."  *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).  But one that is based on "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."  *Siewe*, 480 F.3d at 168-69.  Common sense supports the IJ's inference: it strains credulity that Jin, who testified that she could not read or write in English, was able to obtain a massage license in Florida by attending a three-month class conducted in English merely by using a dictionary, particularly given her testimony that her lack of English prevented her from recalling the name of the school.

Given the inconsistencies regarding identity and location at the time of the alleged persecution, and the implausibility of Jin's claim to be a licensed masseuse, it cannot be said "that no reasonable fact-finder could make such a credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Because asylum, withholding of removal, and CAT relief were all based on the same factual predicate, the adverse credibility determination

6

is dispositive.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

## II.  Frivolousness Finding

"A person who makes an application for asylum determined to be 'frivolous,' or deliberately and materially false, is subject to a grave penalty: permanent ineligibility for most forms of relief under the immigration laws." *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 178 (2d Cir. 2008); *see* 8 U.S.C. § 1158(d)(6).

We find no basis to disturb the agency's conclusion that Jin knowingly submitted a frivolous application.  The agency employed all four procedural safeguards: Jin had notice of the consequences of filing a frivolous application because there was a written warning immediately above her signature on her application, *see Gade Niang v. Holder*, 762 F.3d 251, 254 (2d Cir. 2014); the agency rendered an explicit finding that Jin knowingly filed a frivolous application; the agency's finding is supported by the record, which, as discussed above, establishes that Jin entered the United States in 2006 and 2007, before the date stated in her application, and the lack of departure information supports a conclusion that she was in the United States at the time of the alleged persecution in China; and Jin was given an opportunity to account for the discrepancy,

7

but instead chose to deny that she previously entered the United States under a different name. *See In re Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007) (discussing 8 C.F.R. § 1208.20).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk