16-3418-ag
Casset v. Sessions

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand eighteen.

PRESENT: DENNIS JACOBS,
         REENA RAGGI,
         CHRISTOPHER F. DRONEY,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
Diodio Casset and Djiguiba Dit Ayouba Kamara,
         Petitioners,

         -v.-                                    16-3418

Jefferson B. Sessions III, United States Attorney General,
         Respondent.
- - - - - - - - - - - - - - - - - - - - -X

FOR PETITIONERS:           Justin Conlon, Law Offices of Justin Conlon, Hartford, CT.

FOR RESPONDENT:            Steven K. Uejio (Chad A. Readler, Linda S. Wernerty, on the brief), Office of Immigration Litigation, Washington D.C.

1

Appeal from a judgment of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review be **DENIED**.

Diodio Casset and Djiguiba Kamara petition for review of the denial of their applications for cancellation of removal before the Board of Immigration Appeals ("BIA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Casset and Kamara petitioned for cancellation of removal pursuant to 8 U.S.C. § 1229b(b), which provides relief from removal for an alien who can establish, among other qualifications, "physica[l] presen[ce] in the United States for a continuous period of not less than 10 years." 8 U.S.C. § 1229b(b)(1). Because the "continuous period" for the purposes of the statutory scheme ends when the alien is served a Notice to Appear ("NTA"), Casset and Kamara must show physical presence beginning in February 1999. See 8 U.S.C. § 1229b(d)(1); Tablie v. Gonzales, 471 F.3d 60, 62 (2d Cir. 2006). Continuous physical presence is broken if the alien departs from the United States for longer than 90 days or for any periods that, in the aggregate, exceed 180 days. 8 U.S.C. § 1229b(d)(2).

Casset is a national of Senegal who has resided in the United States since at least 2001. Her husband, Kamara, is a national of Cote d'Ivoire who has resided in the United States since at least 2004. Casset's business visitor status expired in September 2001 and Kamara's nonimmigrant LULAC status expired in January 2008, so both have been living in the United States without authorization. On February 10, 2009, The Department of Homeland Security ("DHS") served Casset and Kamara with NTAs and initiated removal proceedings.

Casset and Kamara both claimed before the immigration judge ("IJ") that they arrived in the United States in 1998. To support her entry date, Casset submitted a letter from the New York Language Center purporting to show that she enrolled in an ESL course in March 1998. She also

2

provided her Senegalese passport, which showed a visa issued on July 16, 1999 as her earliest entry date to the United States. She could not produce any further evidence, but asserts that the documentation showing her prior arrival no longer exists due to circumstances involving an abusive former spouse in Senegal. At the hearing, she also acknowledged three trips back to Senegal between 1999 and 2001, but could not recall or prove their specific duration.

Kamara testified that he entered the United States in 1998 using another person's passport and visa, but could provide no documentary evidence supporting that date. The only corroboration was a sworn statement from his cousin stating that Kamara lived with him in the United States in 1998. Kamara also testified that he spent 89 days out of the country, leaving in March 2004 and reentering on June 15, 2004 using his brother's passport. Again there is no documentary support.

The IJ concluded that Casset and Kamara had failed to sustain their burden of establishing continuous physical presence in the United States for ten years, and the BIA adopted and affirmed the IJ's decision. See 8 U.S.C. 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d). The agency found the corroborating evidence submitted to support Kamara's 1998 entry unpersuasive.[1] Additionally, the IJ and BIA agreed that neither Casset nor Kamara had shown that their trips abroad did not exceed 90 days individually or 180 days in the aggregate.

"[W]e review the agency's factual findings only to determine whether they are 'supported by substantial evidence,' but we review its 'conclusion of law de novo.'" Huo Qiang Chen v. Holder, 773 F.3d 396, 403 (2d Cir. 2014) (quoting Niang v. Holder, 762 F.3d 251, 253 (2d Cir.

---

[1] The Government advises by letter that petitioner Casset may have indeed arrived in the United States on March 4, 1998, as she claims, and that it withdraws its arguments disputing her date of arrival. We therefore will not consider the agency's finding that Casset failed to establish her first date of arrival in the United States ten or more years before her NTA was issued.

3

2014)).  The substantial evidence standard is "highly deferential," and the "agency's factual findings are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'"  Id. (quoting 8 U.S.C. § 1252(b)(4)(B)).   The IJ and BIA have the power to assess whether a petitioner's testimony "is credible, is persuasive, and refers to specific facts sufficient to demonstrate that" the burden of proof was satisfied, or whether additional documentation is required.   8 U.S.C. § 1229a(c)(4)(B).

The agency's determination that Kamara and Casset failed to establish eligibility for cancellation of removal was reasonable.  With respect to Kamara, the IJ and BIA considered his and his cousin's bare statements as to a 1998 arrival date, but found them unconvincing.  Kamara lacked any documented proof of when he actually arrived in the country, and the self-serving testimony of the petitioners and their family members was not independently reliable absent corroborating evidence.  See Y.C. v. Holder, 741 F.3d 324, 334 (2d Cir. 2013) (failing to find "solid support" in the form of corroborating evidence of statements by alien and other interested parties).  We defer to the weight that the IJ and BIA assign to the evidence they review, and the agency's determination that the testimony and limited documentation was deficient and unpersuasive was not manifestly unreasonable.  See Argueta v. Holder, 617 F.3d 109, 113 (2d Cir. 2010); Barco-Sandoval v. Gonzales, 516 F.3d 35, 36 (2d Cir. 2008).

Turning to Casset, even accepting that she arrived in the United States on March 4, 1998, she fails to meet her burden to establish "continuous presence" between her claimed arrival date in 1998 and the service of her NTA.  8 U.S.C. § 1229b(d)(1)-(2).  Casset testified that she left the country during the ten-year statutory period, but could not recall--much less substantiate--her dates of return and the duration of her exodus.  She thus failed to provide the basic information required to satisfy the elements for relief.  See 8 U.S.C. § 1229a(c)(4)(B) (requiring "specific facts" of departure and entry to make a showing of continuous presence).

4

The agency therefore reasonably determined that neither petitioner established ten years' continuous physical presence in the United States.  8 U.S.C. §§ 1229a(c)(4)(A), 1229b(d)(2).

For the foregoing reasons, and finding no merit in Casset and Kamara's other arguments, we hereby **DENY** the petition for review.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK