11-4156-ag
Niang v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2013

(Argued: November 7, 2013      Decided: August 13, 2014)

Docket No. 11-4156-ag
_____

GADE NIANG,

*Petitioner*,

-v.-

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent*.

_____

Before:

SACK, HALL, LIVINGSTON, *Circuit Judges*.

_____

Petitioner seeks review of a decision of the Board of Immigration Appeals affirming an immigration judge's denial of his application for adjustment of status based on a finding that Niang filed a frivolous asylum application. Because the written warning in that application provided Niang adequate notice of the consequences of filing a frivolous application, he was ineligible for all relief from removal. Therefore, we conclude that the agency did not err in denying adjustment of status, and we DENY Niang's petition.

_____

H. RAYMOND FASANO, Youman, Madeo & Fasano, LLP, New York, NY, *for Petitioner*.

YAMILETH G. DAVILA, Trial Attorney (Stuart F. Delery, Assistant Attorney General, Civil Division; William C. Peachey, Assistant Director; Ada E. Bosque, Trial Attorney, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., *for Respondent*.

_____

1

PER CURIAM:

Petitioner Gade Niang, a native and citizen of Senegal, seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his application for adjustment of status based on a finding that Niang was ineligible for all relief for having filed a frivolous asylum application. Because Niang received adequate notice of the consequences of filing a frivolous application through the written warning on the asylum application, we conclude that the agency did not err in denying his adjustment application, and we deny the petition for review.

## BACKGROUND

Gade Niang, a native and citizen of Senegal, entered the United States in 2002 as a nonimmigrant visitor. In 2005, Niang applied for asylum, withholding of removal and relief under the Convention Against Torture, asserting that he was from the Ivory Coast where he had been persecuted on account of his ethnicity and his political opinion. During a subsequent interview with an asylum officer, Niang signed a declaration stating that he knew the contents of his application and attesting to their truth. The asylum officer referred Niang's application to an IJ on the suspicion that Niang was not Ivorian, and Niang was placed in removal proceedings.

Niang appeared before an IJ in 2006, and, through counsel, confirmed the truth, accuracy, and completeness of the contents of his asylum application and contested the Government's allegation that he was a native and citizen of Senegal. In light of evidence demonstrating that Niang was Senegalese, the IJ instructed counsel to inform Niang of the risks of filing a frivolous, or fraudulent, asylum application. Niang initially proceeded with but later withdrew his application, admitting he was Senegalese. He then applied for adjustment of status based on an approved I-130 immigrant visa petition filed on his behalf by his wife, a United States citizen.

2

Following a merits hearing, the IJ concluded that Niang was barred from any immigration benefits because he knowingly filed a frivolous asylum application. The IJ consequently denied adjustment of status and ordered Niang removed to Senegal. On appeal, Niang argued that he was not given adequate notice as required by 8 U.S.C. § 1158(d). In a September 2011 decision, the BIA rejected this argument, pointing out that Niang received both written notice through his asylum application and oral warnings through his attorney. The BIA further agreed with the IJ that Niang had knowingly filed a frivolous application and dismissed the appeal. Niang now petitions this Court for review of the BIA's decision.

## DISCUSSION

We review the agency's factual findings to determine whether they are supported by substantial evidence and its conclusions of law *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because the BIA adopted and supplemented the decision of the IJ, we have reviewed the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

"A person who makes an application for asylum determined to be 'frivolous,' or deliberately and materially false, is subject to a grave penalty: permanent ineligibility for most forms of relief under the immigration laws." *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 178 (2d Cir. 2008); *see* 8 U.S.C. § 1158(d)(6) (making an alien who "has knowingly made a frivolous application for asylum . . . permanently ineligible for any benefits" under the INA). The frivolous filing bar does not apply, however, if the applicant has not "received the notice under paragraph (4)(A)." 8 U.S.C. § 1158(d)(6). That paragraph states that "[a]t the time of filing an application for asylum, the Attorney General shall . . . advise the alien . . . of the consequences, under paragraph (6), of knowingly filing a frivolous application for asylum." § 1158(d)(4)(A);

3

*see also Mei Juan Zheng*, 514 F.3d at 180 (noting that applicants are entitled to various "procedural safeguards" prior to having a finding of frivolousness entered against them); *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (BIA 2007) (same). In this case, it is undisputed that Niang knowingly filed a frivolous asylum application. He argues, however, that he did not receive adequate notice under § 1158(d)(4)(A) warning him against such filings. We disagree.

Niang first applied for asylum by mailing to an asylum office his signed I-589 application, which contained a written warning that "[a]pplicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act [("INA")]." Niang may not have received an explicit oral warning of those consequences from either the asylum officer who interviewed him or the IJ to whom his application was referred, but the IJ intimated that there were grave consequences and encouraged Niang's attorney to make those consequences clear to him, which the attorney agreed to do

Niang asserts that the INA requires the IJ to provide warnings in addition to the one found in the I-589 form, an issue we have not previously resolved. "While in general we are wary of determining significant issues not yet passed upon by the agency, the notice issue here involves the proper interpretation of a statute under undisputed facts rather than the resolution of an issue committed in the first instance to agency determination, and may be resolved as a matter of law." *Ribas v. Mukasey*, 545 F.3d 922, 929 (10th Cir. 2008) (internal citation omitted); *cf. Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 n.15 (2d Cir. 2007) (en banc) ("We, rather than the BIA, have primary authority under *Chevron* to determine whether a particular agency interpretation is consistent with the unambiguously expressed intent of Congress."), *cert. denied*, 553 U.S. 1053 (2008).

The statute plainly states that at the time an alien files an asylum application, the Attorney General must advise him that he will be permanently ineligible for immigration benefits if he knowingly files a frivolous asylum application. Although we understand that IJs frequently provide a warning of the consequences of filing a frivolous application, nothing in the INA expressly requires that the warning be given by an IJ. *See* 8 U.S.C. § 1158(d)(4)(A), (d)(6). The INA requires only that the applicant "receive[]" notice at the time of filing. § 1158(d)(6); *see id.* § 1158(d)(4)(A). We need not decide if any other type of warning would satisfy the notice requirement because we conclude that the written warning contained in Niang's asylum application provided him adequate notice.[1]

In so ruling we join the Seventh, Ninth, Tenth and Eleventh Circuits. When confronted with a defective oral warning, the Tenth Circuit held that the provision of an adequate oral warning was irrelevant because the written warning contained in the asylum application afforded sufficient notice of the consequences of filing a frivolous application. *Ribas*, 545 F.3d at 930. The Seventh, Ninth and Eleventh Circuits have since joined the holding in *Ribas*. *Ruga v. U.S. Attorney Gen.* No. 13-14377, 2014 WL 3031304, at*2-3 (11th Cir. July 2, 2014) (concluding that the written warning on the I-589 asylum application satisfies § 1158(d)(4)(A), rendering an oral warning by an IJ unnecessary); *Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012) (same); *Pavlov v. Holder*, 697 F.3d 616, 618 (7th Cir. 2012) (same).

As the Tenth Circuit noted, the "Attorney General's regulations permit filing the application in a variety of different ways," including by mail or at a hearing before an IJ, but "in each case the alien is required to complete and sign the asylum application form and to provide it to the agency." *Ribas*, 545 F.3d at 929; *see* 8 C.F.R. § 208.4(b). The warning on the asylum

---

[1] Niang does not assert before this Court that he did not receive or was unable to understand the warning that appears on the signature page of his asylum application form.

application form itself, therefore, is the only means under the current regulatory scheme by which notice may be given at the time of filing, regardless of the manner of filing. *See* 8 U.S.C. § 1158(d)(4)(A) (requiring that notice be provided at the time of filing). This reading aligns with the BIA's holding that "the only action required to trigger the frivolousness inquiry is the filing of an asylum application." *Matter of X-M-C-*, 25 I. & N. Dec. 322, 324 (BIA 2010); *see also Mei Juan Zheng*, 672 F.3d at 184 (giving *Chevron* deference to *Matter of X-M-C-*).

Because the written warning provided on the asylum application alone is adequate to satisfy the notice requirement under 8 U.S.C. § 1158(d)(4)(A) and because Niang signed and filed his asylum application containing that warning, he received adequate notice warning him against filing a frivolous application. As a consequence of having ignored that warning, Niang was ineligible for adjustment of status. *See id.* §§ 1158(d)(4)(A), (d)(6) (barring benefits under chapter 12 of title 8); *id.* § 1255 (adjustment provision).

CONCLUSION

The petition for review is **DENIED**.