**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1429**

THOMAS WANGO GITHINJI,

                    Petitioner,

          v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 12, 2015        Decided:  December 30, 2015

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Tamar Jones, FAYAD LAW, PC, Richmond, Virginia; Ryan Morgan Knight, FAYAD LAW, PC, Fairfax, Virginia, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Lindsay Corliss, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Wango Githinji, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals' (Board) order dismissing his appeal from the immigration judge's (IJ) order finding that Githinji filed a frivolous asylum application and was ineligible for adjustment of status. We deny the petition for review.

An alien who "has knowingly made a frivolous application for asylum," after having been informed of the consequences of submitting such an application, is permanently ineligible for immigration benefits, including adjustment of status. 8 U.S.C. § 1158(d)(6) (2012); Niang v. Holder, 762 F.3d 251, 254-55 (2d Cir. 2014) (as a consequence of filing frivolous asylum application, alien was ineligible for adjustment of status). An asylum application is frivolous "if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20 (2015). The following requirements must be met before an asylum application is declared frivolous: "(1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the [IJ] or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to

2

account for any discrepancies or implausible aspects of the claim." In re Y-L-, 24 I. & N. Dec. 151, 155 (B.I.A. 2007). "Because of the severe consequences that flow from a frivolousness finding, the preponderance of the evidence must support an [IJ's] finding that the respondent knowingly and deliberately fabricated material elements of the claim." Id. at 157. The IJ must provide cogent and convincing reasons for finding by a preponderance of the evidence that the applicant knowingly and deliberately fabricated material elements of his claim. Id. at 158-60.

A finding that the applicant knowingly filed a false or fraudulent submission that was material to the asylum application is a finding of fact that this court reviews for substantial evidence. See Albu v. Holder, 761 F.3d 817, 821 (7th Cir. 2014); Aziz v. Gonzales, 478 F.3d 854, 857 (8th Cir. 2007). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2012). Our review is limited to the Board's order because the Board did not expressly adopt the IJ's opinion. Martinez v. Holder, 740 F.3d 902, 908 & n.1 (4th Cir. 2014).

We conclude that substantial evidence supports the finding that Githinji knowingly and deliberately fabricated a material element of his asylum application. Githinji's fabrication

3

concerning the length of his detention was closely related to the key event underlying his asylum application. See Dankam v. Gonzales, 495 F.3d 113, 122 (4th Cir. 2007) (when arrests are key events underlying asylum claim, "it follows that details surrounding these arrests and the dates on which they occurred are more than minor or trivial details"). Because Githinji provided two different versions concerning his detention and how he acquired his visa and he was vague and evasive in response to evidence that was contrary to his initial version of events, substantial evidence supports the finding that his fabrication was knowing and deliberate.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED