Zheng v. Sessions

BIA
Nelson, IJ
A206 074 191

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand seventeen.

PRESENT:
            JOHN M. WALKER, JR.,
            DENNIS JACOBS,
            RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*

_____

MEI ZHENG,
            *Petitioner,*

        v.                                        16-885

                                                  NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
            *Respondent.*

_____

**FOR PETITIONER:**          Dehai Zhang, Flushing, N.Y.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal
                             Deputy Assistant Attorney
                             General; Douglas E. Ginsburg,
                             Assistant Director; Paul Fiorino,
                             Senior Litigation Counsel,
                             Office of Immigration Litigation,
                             United States Department of
                             Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Zheng, a native and citizen of China, seeks review of a March 8, 2016, decision of the BIA affirming a January 26, 2015, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and finding that Zheng had knowingly filed a frivolous asylum application. *In re Mei Zheng,* No. A206 074 191 (B.I.A. Mar. 8, 2016), *aff'g* No. A206 074 191 (Immig. Ct. N.Y. City Jan. 26, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Frivolous Finding**

"A person who makes an application for asylum determined to be 'frivolous,' or deliberately and materially false, is subject to a grave penalty: permanent ineligibility for most

2

forms of relief under the immigration laws." *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 178 (2d Cir. 2008); *see* 8 U.S.C. § 1158(d)(6). "Given the serious consequences of a frivolousness finding, the [governing] regulation provides a number of procedural safeguards[:] . . . (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007) (discussing 8 C.F.R. § 1208.20).

Zheng's assertions that the agency failed to comply with the required procedures are meritless. First, the agency did not err by finding that Zheng received notice of the consequences of filing a frivolous application by virtue of the written notice contained in her application. *See Niang v. Holder*, 762 F.3d 251, 254 (2d Cir. 2014) ("Although we understand that IJs frequently provide a warning of the consequences of filing a frivolous application, nothing in the INA expressly requires that the warning be given by an IJ. The

INA requires only that the applicant 'receive []' notice at the time of filing." (quoting 8 U.S.C. § 1158(d)(6)) (internal citation omitted)). While Zheng claims that she did not understand the written warnings in her application because she "was not fluent" in English, the agency's contrary finding is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." (internal quotation marks omitted)).

Second, the IJ did not fail to separately analyze Zheng's explanation for filing the frivolous application as she contends. The IJ separately considered Zheng's explanation "that she was spurred on . . . by the first attorney that represented her"; however, the IJ rejected that explanation because Zheng "copied material . . . which she knew to be false in her own handwriting, and signed it[;] . . . knowingly submitted letters to the court . . . that she knew to be falsified[; and] . . . acknowledged that she lied under oath when she testified before an asylum officer about a significant element of her claim."

4

Finally, Zheng's challenge to the frivolousness finding on the grounds that she withdrew her application is misplaced. The IJ was entitled to consider Zheng's submission of false statements, even though they were later withdrawn, when she determined that a frivolous application had been made. *Matter of Y-L-*, 24 I. & N. Dec. at 155; *see also Niang*, 762 F.3d at 253-54 (upholding a frivolousness finding based on an applicant's filing of a false asylum application that was withdrawn prior to merits hearing).

## II. Well-Founded Fear of Future Persecution

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or

5

practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'"  *Y.C.*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

First, the agency did not err in concluding that Zheng failed to show a reasonable possibility that she would be singled out individually for persecution.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," a fear of persecution is not objectively reasonable and is "speculative at best.").  "Importantly, 'to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his [or her] country of nationality are either aware of his [or her] activities or likely to become aware of his [or her] activities.'"  *Y.C.*, 741 F.3d at 332 (quoting *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)).  After retracting her original claim, Zheng did not assert that Chinese authorities are aware of her religious practice, and she testified that no one in China other than her family knows that she became a Christian in the United States.  Further, the IJ alternatively based her determination on her finding that Zheng's testimony that she mailed religious

6

materials to China was not credible – a finding that Zheng does not challenge in her brief.

Second, the agency did not err in concluding that Zheng failed to establish a pattern or practice of persecution of Christians in China. To establish a pattern or practice of persecution against a particular group, an applicant must demonstrate that the harm to that group is "systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007) (accepting the BIA's standard as reasonable, while noting that "[w]ithout further elaboration [the standard does not make clear] how systemic, pervasive, or organized persecution must be before the Board would recognize it as a pattern or practice"). Here, the agency reasonably found that religious activities are not punished or restricted in a widespread pattern. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted). Given this nationwide variation, the agency reasonably concluded that Zheng failed to establish a pattern or practice of persecution of Christians in China. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (affirming agency's finding of no pattern

or practice of persecution of Catholics in Indonesia where evidence showed that religious violence was not nationwide and that Catholics in many parts of the country were free to practice their faith).

Accordingly, because the agency reasonably found that Zheng failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in concluding that she necessarily failed to meet the higher burden required for withholding of removal or her burden for CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk