*Pipul v. Sessions*

BIA
Vomacka, IJ
A079 258 939

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand eighteen.

PRESENT:
    JON O. NEWMAN,
    DEBRA ANN LIVINGSTON,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

MOHAMMED UZZAL PIPUL, AKA
MOHAMMED MAHIDUR RAHMAN,
        *Petitioner,*

        v.                                          17-294
                                                    NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Amy Nussbaum Gell, Gell & Gell,
                           New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Emily Anne
                           Radford, Assistant Director; David

J. Schor, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Mohammed Mahidur Rahman, a native and citizen of Bangladesh, using the name Mohammed Uzzal Pipul, seeks review of a January 11, 2017, decision of the BIA affirming an April 19, 2016, decision of an Immigration Judge ("IJ") ordering removal and concluding that he was ineligible to adjust status based on his marriage to a United States citizen because he had previously filed a frivolous asylum application. *In re Mohammed Uzzal Pipul, a.k.a. Mohammed Mahidur Rahman,* No. A 079 258 939 (B.I.A. Jan. 11, 2017), *aff'g* No. A079 258 939 (Immig. Ct. N.Y. City Apr. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case, which are included only as necessary to explain our decision to deny the petition for review.

2

Because the petitioner's true name is Mohammed Mahidur Rahman, we refer to him as Rahman. In 1998, Rahman applied for asylum under his true identity.[1] The application was denied, and in 1999, he was ordered removed from the United States. In 2001, Rahman filed a second asylum application using a false name (Pipul) and a false birth date. The 2001 application reflected that he had not previously filed for asylum. This application was granted, and Rahman became a lawful permanent resident under the name Pipul. He was placed in removal proceedings when the agency discovered his misrepresentation. The agency concluded that Rahman's second application was frivolous, and thus bars him from adjusting to lawful permanent resident status based on his marriage.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *Niang v. Holder*, 762 F.3d 251, 253 (2d Cir. 2014). We review the agency's factual findings for substantial evidence and its

---

[1] Rahman listed his name as Mohammed Mahidur Rahman on his Form I-495, Application to Register Permanent Residence or Adjust Status, CAR 210, 215, and his former attorney, Zlata Berman, informed the IJ that his "true and correct name is Mohammed Mahedor [*sic*] Rahman" and that Pipul is a nickname, CAR 73. It is not clear why his current attorney calls him "Mr. Pipul." Br. for Petitioner 2.

legal conclusions de novo.  *Id.*

"A person who makes an application for asylum determined to be 'frivolous,' or deliberately and materially false, is subject to a grave penalty: permanent ineligibility for most forms of relief under the immigration laws." *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 178 (2d Cir. 2008); *see also* 8 U.S.C. § 1158(d)(6).  Before being subject to this permanent bar, Rahman was entitled to procedural safeguards: "(1) notice . . . of the consequences of filing a frivolous application; (2) a specific finding . . . that [he] knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) . . . sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *In re Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007).  The IJ's frivolousness finding must be supported by a preponderance of the evidence and must take into account any "plausible explanations" that are offered for the discrepancies or fabrications.  *Id.* at 157. As discussed below, all four the requirements were met.

4

The first requirement was met because the 2001 application form that Rahman signed contained a written warning of the consequences of filing a frivolous application. That written warning is sufficient. *Niang*, 762 F.3d at 254-55.

The IJ and BIA met the second requirement by explicitly finding that Rahman deliberately filed a frivolous asylum application. Rahman argues that the use of a false name or other false identity information is not always material, and that the agency did not prove that his fabrication was knowing and deliberate. These arguments are defeated by Rahman's concession that he used the false information to conceal his prior asylum application and removal order. Had Rahman used his real identity, he would have been required to file a motion to reopen and would have been eligible for asylum only if he could establish a material change in conditions in Bangladesh. *See* 8 U.S.C. §§ 1158(a)(2)(C), 1229a(c)(7)(C)(ii); *Yuen Jin v. Mukasey*, 538 F.3d 143, 156 (2d Cir. 2008).

The third requirement is met because the record contains adequate evidence of Rahman's fabrications. Although the

written statement accompanying his 2001 application is not in the record, the fabrications regarding his name, birth date, and prior application are on the form itself. Moreover, to the extent that the IJ and BIA relied on the dates of the alleged persecution as reflected in the asylum officer's written summary of Rahman's 2001 claim—which were contradicted by Rahman's earlier entry into the United States—Rahman does not challenge the reliability of the summary.

Last, Rahman had sufficient opportunity to explain his use of the false information, but he never filed an affidavit with the IJ or asked to testify. Even now, Rahman's brief offers no alternative explanation for his use of false identity information. Rahman's due process argument fails for this reason: because he offers no explanation, he cannot show that any lack of opportunity to explain caused prejudice. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks omitted)).

In sum, the agency's frivolousness finding is supported by a preponderance of the evidence and the agency complied with the required procedural protections.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7