Sun v. Whitaker
BIA
Loprest, IJ
A205 618 941

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand nineteen.

PRESENT:
>JON. O. NEWMAN,
>REENA RAGGI,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

MENG YUAN SUN,
>*Petitioner,*

v.                                                         17-120
                                                           NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Meer M. M. Rahman, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting
                         Assistant Attorney General;
                         Nancy E. Friedman, Senior
                         Litigation Counsel; Sharon M.
                         Clay, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Meng Yuan Sun, a native and citizen of the People's Republic of China, seeks review of a BIA decision affirming the denial of Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meng Yuan Sun,* No. A205 618 941 (B.I.A. Dec. 19, 2016), *aff'g* No. A205 618 941 (Immig. Ct. N.Y. City Mar. 11, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the Immigration Judge ("IJ") and the BIA "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.  Timeliness of the Asylum Application

The agency denied Sun's October 2012 asylum application as untimely, finding that it was filed more than a year after his 2008 arrival in the United States, and not within a "reasonable period" following Sun's January 2012 "changed circumstances." *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(4). In January 2012, Sun stopped working in his field of study, causing his legal status to expire. *See* 8 C.F.R. § 214.2(f)(10). Separately, but about the same time, Sun began attending church and converted to Christianity. The agency concluded that Sun was unreasonable in delaying to file his application 10 months after his changed circumstances.

Our jurisdiction to review the agency's determination of untimeliness is limited to "constitutional claims or questions of law." *See* 8 U.S.C. § 1252(a)(2)(D). Sun's petition raises neither.

Instead, Sun challenges the agency's factual findings, arguing that his legal status continued through July 2012, and that he converted to Christianity only in August 2012, making his asylum application in October timely. This argument "merely quarrels over the correctness of the

3

[agency's] factual findings or justification for the discretionary choices," which we lack jurisdiction to review. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Because Sun has identified no constitutional or legal error, we dismiss the petition as it relates to asylum application.

II. <u>Merits</u>

Reviewing the agency's factual findings for "substantial evidence" and its "conclusions of law" *de novo*, *see Niang v. Holder*, 762 F.3d 251, 253 (2d Cir. 2014), we deny the remainder of Sun's petition, identifying no error in the agency's determination that Sun failed to demonstrate eligibility for asylum, and, therefore, necessarily failed to meet the higher burden for withholding of removal and CAT relief. *See Y.C. v. Holder*, 741 F.3d 324, 335 (2d Cir. 2013).

Asylum eligibility can be established by a well-founded fear of persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2); *see also Y.C.*, 741 F.3d at 332 ("For an asylum claim, the applicant must show a reasonable

4

possibility of future persecution." (internal quotation marks omitted)). An applicant can make that showing in two ways: (1) by demonstrating that he "'would be singled out individually for persecution' if returned," or (2) by proving the existence of a "'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C.*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)). "[I]n order to establish eligibility for relief based exclusively on activities undertaken after . . . arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).

Here, substantial evidence supports the agency's conclusion that Sun failed to show a reasonable possibility that he would be singled out for persecution. *See id.*; *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," a fear of persecution is not well founded and "is speculative at

5

best."). Sun's only evidence that Chinese authorities were aware of his religious activities was a letter from his mother, an interested witness unavailable for cross examination. The agency acted within its discretion in declining to credit this evidence. *See Y.C.*, 741 F.3d at 334 (deferring to agency's determination that letter from relative in China—stating that petitioner had been visited by police who were aware of applicant's pro-democracy activities in the United States—was entitled to limited weight because it was unsworn and submitted by an interested witness). Moreover, while Sun provided certain evidence about his proselytizing activities (which the agency, in any event, did not credit) he does not challenge the IJ's finding, supported by country-conditions evidence, that Chinese authorities focus their efforts on pastors or leaders of house churches, not individual worshipers. *See Xiao Ji Chen*, 471 F.3d at 342 (weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted)).

Further, substantial evidence also supports the agency's determination that Sun failed to establish a pattern or practice of persecuting underground Christians in China. *See*

6

*Jian Xing Huang*, 421 F.3d at 129.  To establish such a pattern or practice, an applicant must demonstrate that the harm to that group is "systemic or pervasive."  *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007).  The agency properly considered the country conditions evidence, *see Xiao Ji Chen*, 471 F.3d at 342, and reasonably concluded that there was not systemic or pervasive persecution, observing that tens of millions of Christians practice this faith in China without apparent interference.

Accordingly, we identify no error in the agency's decision to deny Sun asylum, withholding of removal, or CAT relief.

For the foregoing reasons, the petition for review is DISMISSED IN PART and DENIED IN REMAINING PART.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court