Lin v. Barr

BIA
Vomacka, IJ
A076 024 011

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand nineteen.

PRESENT:
>        DENNIS JACOBS,
>        PETER W. HALL,
>        DENNY CHIN,
>             *Circuit Judges.*

_____

BIN YUEN LIN,
>        *Petitioner,*

> v.                                                17-3760
>                                                   NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Margaret W. Wong, Cleveland, OH.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Jeffery R.
                         Leist, Senior Litigation Counsel;
                         Jennifer A. Bowen, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bin Yuen Lin, a native and citizen of the People's Republic of China, seeks review of an October 24, 2017, decision of the BIA affirming a January 27, 2017, decision of an Immigration Judge ("IJ") reinstating a prior denial of Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and concluding that Lin filed a frivolous asylum application. *In re Bin Yuen Lin,* No. A 076 024 011 (B.I.A. Oct. 24, 2017), *aff'g* No. A 076 024 011 (Immig. Ct. N.Y. City Jan. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *Niang v. Holder*, 762 F.3d 251, 253 (2d Cir. 2014). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *Id.*

**I.  Frivolous Finding**

"A person who makes an application for asylum determined to be 'frivolous,' or deliberately and materially false, is

2

subject to a grave penalty: permanent ineligibility for most forms of relief under the immigration laws." *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 178 (2d Cir. 2008); *see also* 8 U.S.C. § 1158(d)(6).  Before being subject to this permanent bar, Lin was entitled to procedural safeguards: "(1) notice . . . of the consequences of filing a frivolous application; (2) a specific finding . . . that [she] knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) . . . sufficient opportunity to account for any discrepancies or implausible aspects of the claim."  *In re Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007).

For the reasons discussed below we find no basis to overturn the agency's determination that Lin knowingly filed a frivolous application.  The agency employed all four procedural safeguards: Lin had sufficient notice of the consequences of filing a frivolous application because she received both written and oral warnings, *see Niang*, 762 F.3d at 254-55; the agency explicitly addressed the frivolous finding in its decisions; the agency's finding is supported by the record; and Lin had an opportunity to explain the discrepancy between her asylum application and her testimony

and proffered an unpersuasive explanation. The discussion that follows addresses Lin's arguments concerning the third and fourth requirements and her challenge to the IJ's decision not to refrain from exercising his discretion to enter a finding that Lin's application was frivolous.

Lin contends that the third requirement was not satisfied because her omission in her asylum application of her forced abortion and her representation that neither she nor anyone in her family had been arrested or detained did not establish that she had fabricated a material element of her claim. Although we have cautioned against placing too much weight on omissions from asylum applications, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 80 (2d Cir. 2018) (explaining that an asylum applicant is "not required to list every incident of persecution" (internal quotation marks omitted)), the concern being addressed was to avoid reliance on omissions of details, not an omission of the sole incident of persecution, *id*. at 82 (distinguishing between "omissions that tend to show that an applicant has fabricated . . . her claim," and "omissions that arise merely because an applicant's oral testimony is more detailed than . . . her written application"). Lin's omission of her forced abortion from her application—the central element of her claim—belongs to the former category

4

and therefore supports the agency's finding that her application was frivolous. Because the forced abortion was the only incident of persecution relevant to her claim, its wholesale omission from her asylum application was suspect. *Cf. Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 127 (2d Cir. 2007) ("Testimonial inconsistencies are not sufficient as the sole basis for an adverse credibility finding where the inconsistencies do not concern the basis for the claim of asylum or withholding, but rather matters collateral or ancillary to the claim." (internal quotation marks omitted)).

Further, Lin's testimony that her mother was detained until Lin surrendered to authorities was in direct conflict with the information provided in her asylum application. Lin's characterization of this discrepancy as an "omission" downplays its significance given that this conflict necessarily rendered either her testimony or her asylum application, or both, false.

Contrary to Lin's position, the fourth requirement, an opportunity to explain, also was satisfied. First, the IJ explicitly asked Lin why she omitted the forced abortion from her application. And, given that the abortion was the sole basis of her asylum claim, the IJ was not required to accept Lin's explanation that she did not want her husband

5

to find out about the abortion. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Nor was the IJ required to credit Lin's explanation that she was afraid to tell her husband about the abortion because women in China are conservative, particularly because at the time of the abortion, Lin lived openly with her future husband (then boyfriend) in his parents' home. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("[S]peculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."). The IJ was not required to question Lin separately about the discrepancy between her asylum application and her testimony concerning her family members' detention because the inconsistency was "self-evident." *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295-96 (2d Cir. 2006).

**II. Discretion**

Lin concedes "that the IJ had no obligation to exercise discretion as to the frivolous finding." Nevertheless, she argues that the IJ erred in concluding, as a matter of law, that discretionary factors are never a valid basis to excuse a frivolous finding. As we have explained, an IJ may choose

6

to exercise discretion before entering a frivolous finding. *See Mei Juan Zheng v. Holder*, 672 F.3d 178, 186 (2d Cir. 2012). Here, the IJ acknowledged his authority to exercise discretion but simply declined to exercise it in favor of Lin because discretionary factors did not warrant avoidance of the statutory penalty. This was not error. *Cf. id.* at 186–87.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court