Bah v. Garland

BIA
Laforest, IJ
A098 396 981

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> ROBERT D. SACK,
> BETH ROBINSON,
> *Circuit Judges.*

_____

ABDOURAHMANE BAH,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

21-6315

NAC

_____

FOR PETITIONER:       Abdourahmane Bah, pro se, Brooklyn, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Joseph A. O'Connell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Abdourahmane Bah, a citizen of Guinea, seeks review of a May 7, 2021, decision of the BIA denying his motion to reopen and affirming a June 20, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"). *In re Abdourahmane Bah*, No. A098 396 981 (B.I.A. May 7, 2021), *aff'g* No. A098 396 981 (Immigr. Ct. N.Y.C. June 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision," we review the IJ's decision "as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). In doing so, we review factual findings for substantial evidence and questions of law and application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d

Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Here, the agency denied Bah asylum and withholding of removal after finding that Bah had knowingly filed a frivolous asylum application in 2004. If a noncitizen knowingly files a frivolous application for asylum and has received notice of the consequences of doing so, he is permanently ineligible for most immigration benefits, with the exception of withholding of removal under the INA and relief under the Convention Against Torture. 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20;* *see also Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 178 (2d Cir. 2008) ("A person who makes an application for asylum determined to be 'frivolous,' or deliberately and materially false, is subject to a grave penalty: permanent ineligibility for most forms of relief under the immigration laws."). Before subjecting an alien to "this permanent bar," the following requirements must be met: "(1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the [IJ] or the [BIA] that the alien knowingly filed a

---

* Citations are to the version of the regulations in effect at the time of Bah's application.

3

frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Mei Juan Zheng*, 514 F.3d at 180 (citations omitted). The first of these requirements—pertaining to notice of the consequences of filing a frivolous application—is at issue on appeal.

In *Niang v. Holder*, we held that the written warning provided in the asylum application form is generally sufficient notice of the consequences of filing a frivolous application. 762 F.3d 251, 254–55 (2d Cir. 2014); *see also Ud Din v. Garland*, 72 F.4th 411, 414 (2d Cir. 2023) ("In general, an alien's signature on an asylum application form warning of the consequences of filing a frivolous application gives rise to a rebuttable presumption of adequate notice."); 8 C.F.R. § 1208.3(c)(2) ("The applicant's signature establishes a presumption that the applicant is aware of the contents of the application."). However, we have also held that "[f]urther inquiry" into the notice requirement is necessary "if an alien plausibly claims and presents credible evidence that he was unable to understand the printed Frivolousness Warning on his signed asylum application." *Ud Din*, 72 F.4th at 428. If the alien makes such a showing, "the presumption of

4

understanding established by his signature may not be determinative of notice."

*Id.*

Here, as in *Ud Din*, the agency may have "misread our decision in *Niang* to warrant finding notice based simply on [Bah's] signature[] on [his application], without need to consider the claim that [he] had not received translations of—and so did not understand—anything in those forms," particularly the warning pertaining to the consequences of filing a frivolous application. *Id.* at 429. Alternatively, the agency may have "found the . . . Frivolousness Warning to have been to read to [Bah] so that [he] did understand it," *id.*, and thus declined to credit Bah's testimony that he lacked such an understanding. In these circumstances, we "cannot confidently" determine whether the agency declined to credit Bah's testimony insofar as he claimed lack of notice or misinterpreted *Niang* to create an irrebuttable presumption of understanding based solely on Bah's signature on his application form.

Accordingly, we remand for the agency to determine whether Bah had notice of the consequences of filing a frivolous application. In addition, although Bah does not challenge the denial of withholding of removal in his *pro se* brief, the agency on remand is not precluded from revisiting its erroneous determination

5

that the finding of frivolousness barred withholding of removal.  *See* 8 C.F.R. § 1208.20 ("[A] finding that an alien filed a frivolous asylum application shall not preclude the alien from seeking withholding of removal.").

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court