23-6162
Jiang-Zhao v. McHenry

BIA
Poczter, IJ
A209 285 378

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

HAO JIE JIANG-ZHAO,
> *Petitioner,*

v.                                                                            **23-6162**

                                                                              NAC

JAMES R. MCHENRY, III, ACTING UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

**FOR PETITIONER:** Thomas V. Massucci, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jonathan A. Robbins, Assistant Director; Zoe J. Heller, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hao Jie Jiang-Zhao, a native and citizen of the People's Republic of China, seeks review of a January 27, 2023, decision of the BIA affirming a June 5, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and concluding that Jiang-Zhao filed a frivolous asylum application. *In re Hao Jie Jiang-Zhao*, No. A 209 285 378 (B.I.A. Jan. 27, 2023), *aff'g* No. A 209 285 378 (Immig. Ct. N.Y. City June 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence standard, and we review questions

2

of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Jiang-Zhao challenges only the agency's conclusion that he filed a frivolous asylum application. "If the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received notice [of the consequences] . . . , the alien shall be permanently ineligible for" most immigration relief. 8 U.S.C. § 1158(d)(6); *see also id.* § 1158(d)(4)(A); 8 C.F.R. § 1208.20;[1] *Niang v. Holder*, 762 F.3d 251, 253 (2d Cir. 2014) ("A person who makes an application for asylum determined to be frivolous, or deliberately and materially false, is subject to a grave penalty: permanent ineligibility for most forms of relief under the immigration laws." (quoting *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 178 (2d Cir. 2008))). An asylum application is "frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. The BIA has set forth four procedural safeguards that an IJ must follow in rendering frivolousness

---

[1] Citations to 8 C.F.R. § 1208.20 are to the version in effect at the time Jiang-Zhao filed his asylum application in 2017. *See Ud Din v. Garland*, 72 F.4th 411, 424 n.3 (2d Cir. 2023) (discussing applicability of amendments to regulations).

findings:

> (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

*Biao Yang v. Gonzales*, 496 F.3d 268, 275 (2d Cir. 2007) (quoting *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007)); *see also* 8 U.S.C. § 1158(d)(4)(A) (requiring notice of consequences of filing frivolous application).

Jiang-Zhao does not contest that he received notice of the consequences of filing a frivolous claim or challenge the specificity of the agency's finding. Accordingly, the only issues are whether he fabricated a material element and was provided an opportunity to explain.

The agency reasonably concluded that Jiang-Zhao knowingly filed a frivolous asylum application and that a material element of his application was deliberately fabricated. *See* 8 C.F.R. § 1208.20; *Matter of Y-L-*, 24 I. & N. Dec. at 156 ("[A]n Immigration Judge's specific finding that a respondent deliberately fabricated a material element of his asylum claim constitutes a finding that he knowingly filed a frivolous asylum application."). Jiang-Zhao concedes that his

4

detention is a material aspect of his claim, but reiterates his explanation, rejected by the agency, that his parents used a connection and paid a bribe to bail him out for one day to receive medical care and go to the consulate. He argues that the record does not support a finding of deliberate fabrication, but only reflects an omission of this fact from his application. The IJ reasonably concluded that his explanation was implausible, meaning that he fabricated his detention because he could not have been detained in Fujian Province and at the consulate in another province at the same time. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) ("So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding."); *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) (stating that it is "emphatically not our role" to consider whether the petitioner's explanation, which the IJ had rejected, is more plausible than the record-supported inference the IJ had drawn).

While we have cautioned that "in general omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," the IJ did not err in construing Jiang-Zhao's late-breaking testimony as an inconsistency. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 78 (2d Cir. 2018) (quotation marks omitted). Jiang-Zhao's application implies that he was

5

continuously detained for 15 days. Certified Administrative Record "CAR" at 268 ("They took us to the police station by the police car. The police interrogated and takes notes of us separately. . . . [T]he police slapped my face. They want me to sign the record and detained for 15 days. I was released until my family paid the bail."[2]). He testified on direct that he was "locked up in the room for 15 days," implying that he was detained continuously, and did not mention a furlough for medical care or to go to the consulate. *Id.* at 119. And he did not mention a break in detention during his credible fear interview, or at any point until confronted on cross-examination with evidence of his presence at the consulate. Nor did a letter from his father mention a one-day release. *Id.* at 224 (Ltr.) ("My son was detained for 15 days, interrogated and beaten by the police. Until family paid the bail, then my son was released."). On this record, we find no error in the IJ's interpretation. *See Siewe*, 480 F.3d 168–69. And the alleged detention is a material aspect of his claim. *See Ud Din*, 72 F.4th at 426 ("[F]alse claims of persecution . . . would naturally tend to influence an IJ in deciding whether to grant asylum and, thus, are properly deemed material.").

---

[2] Given the context, we read this sentence as stating that he was not released until his parents paid bail at the end of the 15 days.

Finally, Jiang-Zhao was afforded a sufficient opportunity to account for the omission. He was asked by counsel for the Department of Homeland Security, his own counsel, and the IJ to explain the omission, i.e., how he could have been fingerprinted at the U.S. consulate during the period that he claimed to be detained by the police. As discussed above, his explanation is not compelling, and the agency did not fail to consider his explanation or otherwise deny him an opportunity to be heard.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court