Fernando v. Garland

BIA
Christensen, IJ
A087 378 523/093 445 389

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-three.

PRESENT:
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

SUGATH PRASANNA FERNANDO,
ANNE LELANI DEEPIKA FERNANDO,
> *Petitioners,*

v.                                                                          21-6034
                                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:**     Sugath Prasanna Fernando, Anne Lelani Deepika Fernando, *pro se*, Staten Island, NY.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in remaining part.

Petitioners Sugath Prasanna Fernando ("Fernando") and Anne Lelani Deepika Fernando, natives and citizens of Sri Lanka, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") that denied Petitioners' request for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Sugath Prasanna Fernando, Anne Lelani Deepika Fernando*, Nos. A 087 378 523/093 445 389 (B.I.A. Jan. 5, 2021), *aff'g* Nos. A 087 378 523/093 445 389 (Immigr. Ct. N.Y.C. June 20, 2018). Petitioners also challenge the IJ's denial of their request for a continuance and the agency's determination that

---

[1] We refer primarily to Fernando throughout this Order. Because Anne Fernando was included as a derivative applicant on Fernando's asylum application, her eligibility for relief is based on her husband's claims.

Fernando's application was frivolous, which rendered him permanently ineligible for immigration benefits. We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings to determine whether they are supported by substantial evidence and review the agency's conclusions of law *de novo*. *See Niang v. Holder*, 762 F.3d 251, 253 (2d Cir. 2014). As set forth below, we dismiss the petition as to the asylum claim on the basis that this claim is untimely and deny the petition in all other respects.

## I. The Court Lacks Jurisdiction To Consider Fernando's Untimely Asylum Application.

An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States" unless "the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing." 8 U.S.C. §§ 1158(a)(2)(B), (D). Our jurisdiction to review the agency's timeliness determination is limited to "constitutional claims [and] questions of law." *Id.* § 1252(a)(2)(D); *see also id.*

§ 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Just.*, 434 F.3d 144, 154 (2d Cir. 2006) (explaining that an "IJ's finding as to whether a petitioner has established 'changed' or 'extraordinary' circumstances . . . constitutes a discretionary determination" outside of our "jurisdiction to review constitutional claims or matters of statutory construction" (citation omitted)).

Although Fernando entered the United States in 1996, he did not file his application until 2013, well beyond the one-year deadline. Because the agency found that Fernando was not credible and did not credit his representations regarding his political activity while in the United States, we do not have jurisdiction to review the agency's finding that he did not demonstrate changed circumstances material to his asylum claim. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen*, 434 F.3d at 154.

**II.    Petitioners' Withholding of Removal and CAT Claims Are Denied Because Substantial Evidence Supported the IJ's Adverse Credibility Determination.**

Having determined that we lack jurisdiction to review Petitioners' asylum claim, we turn now to Petitioners' withholding of removal and CAT claims. For the following reasons, we conclude that the IJ's adverse credibility determination was supported by substantial evidence. The adverse credibility determination is

4

dispositive of withholding of removal and CAT relief in this case because both claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

We review adverse credibility determinations "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see also Hong Fei Gao*, 891 F.3d at 76.

The inconsistencies between Fernando's application and testimony provide substantial evidence for the adverse credibility determination. In his application, Fernando claimed that Sri Lankan officials arrested, detained, and interrogated him as a suspected supporter of Tamil terrorists involved in a bombing, and "beat[]," "assaulted," and "tortured" him. Certified Admin. Record at 170–71. He further claimed that he was suspected of being a supporter because his friend Vaheesan was Tamil and worked at the bank that was bombed. The application also reported that Sri Lankan authorities went to Fernando's home shortly after he left Sri Lanka in 1996 and again in January 2013 to inquire about his whereabouts and relay threats to his family members when they determined that he had been protesting in the United States.

In contrast, Fernando testified that he left Sri Lanka because he was "really depressed" by the situation there, including acts of terrorism and his sense that the unemployment rate "was going [to] skyrocket," and because he "ha[d] a lot of challenges" following his father's death. *Id.* at 132–34. He added that he was scared to return because he attended a few protests at the United Nations in New York in support of the Democratic National Alliance, and Sri Lankan authorities had gone to his mother's house after identifying him from videos of the protests.

6

He further testified that he had never been arrested anywhere in the world and that he never had any problems with the Sri Lankan government while he lived there. Only after the IJ read from his application did he testify that he was "taken to the [Sri Lankan] police" but "was not in jail." *Id.* at 144. He explained that the police interrogated him because he was "hanging out with" a Tamil person at a cricket match, *id.*, but claimed that he could not remember this person's name or occupation because thirty years had passed since the purported incident.

The agency was not required to accept Fernando's explanation for the inconsistencies between his application and testimony – that he could not remember details because so much time had passed – because he included details in the application he filed in 2013. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). These glaring inconsistencies provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."); *Siewe v. Gonzales*, 480 F.3d 160, 170

7

(2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Fernando's credibility was further undermined by his failure to provide corroborating evidence from his mother or from the Democratic National Alliance, the political party he allegedly joined in the United States. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

## III. The IJ's Denial of Fernando's Request for a Continuance Was Not an Abuse of Discretion.

To the extent that Fernando's *pro se* brief challenges the IJ's denial of his request for a continuance to file additional documents, the argument lacks merit. The agency did not abuse its discretion or violate due process in denying a continuance because Fernando filed the motion only six days before the hearing – after having had three years to prepare his case – and failed to explain why he had not obtained and submitted documents from Sri Lanka earlier. *See* 8 C.F.R. § 1003.29 (authorizing IJ to grant a continuance for "good cause"); *Roman v. Garland*, 49 F.4th 157, 166–67 (2d Cir. 2022) (explaining that an IJ's decision to deny

a continuance is "reviewed under a highly deferential standard of abuse of discretion" (internal quotation marks omitted)); *see also Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness." (internal quotation marks omitted)).

## IV. The Agency Did Not Err in Concluding that Fernando's Application Was Frivolous.

On appeal, Fernando argues that the agency erred in concluding that his application was frivolous, because the IJ: (1) did not give him an opportunity to submit documents in support of his application; (2) improperly conflated the question of whether Fernando was credible with the question of whether his application was frivolous; (3) failed to warn Fernando regarding the consequences of filing a frivolous application; and (4) failed to make a specific finding as to frivolousness that was separate from the adverse credibility determination. Each of these contentions is without merit.

If the agency "determines that an alien has knowingly made a frivolous application for asylum and the alien has received . . . notice [of the consequences of knowingly filing a frivolous claim], the alien shall be permanently ineligible for

any [immigration] benefits." 8 U.S.C. § 1158(d)(6). "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20.[2] The following requirements must be met before an alien may be permanently barred from receiving benefits: "(1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the [BIA] that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 180 (2d Cir. 2008) (quoting *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007)). A "finding of frivolousness does not flow automatically from an adverse credibility determination," *Y-L-*, 24 I. & N. Dec. at 156 (internal quotation marks omitted), and the IJ "must provide cogent and convincing reasons for finding by a preponderance of the evidence that an asylum applicant knowingly and deliberately fabricated material elements of the claim," *id.* at 158.

---

[2] We refer to the version of the regulations in place at the time of the IJ and BIA decisions. *See Garcia v. Garland*, 64 F.4th 62, 67 n.3 (2d Cir. 2023).

Here, the agency followed the required steps and had adequate support for its frivolousness finding.

Fernando had notice of the consequences of filing a frivolous application. Notice is presumed where, as here, the applicant has signed his application on which the frivolousness warning is printed, and the applicant does not plausibly claim and present credible evidence that he did not understand the warning. *See Ud Din v. Garland*, 72 F.4th 411, 427–28 (2d Cir. 2023). Moreover, the IJ provided an oral warning before Fernando signed the application.

The IJ also made a specific finding that Fernando's claim that Sri Lankan police arrested, detained, and beat him was false because he testified that he had never been arrested, he did not mention having been detained or beaten despite repeated inquiries, and he could not confirm any details regarding this claim even after his application was read to him. And, as discussed above with respect to the adverse credibility determination, the record supports the IJ's conclusion. Fernando's testimony failed to address the purported arrest and beating described in his written application, he could not recall the name or occupation of the Tamil friend identified in his application, and he explicitly testified that he had never

11

been arrested or had any problems with Sri Lankan authorities when he lived there.

Furthermore, when the IJ gave Fernando an opportunity to explain the inconsistencies between his testimony and application, he gave only a vague response that "everything started" because of his Tamil friend. Certified Admin. Record at 146. Although Fernando asserts that he truthfully testified that he was taken to police, he testified to that fact only after explicitly denying arrests or problems with Sri Lankan authorities and after the IJ had recounted the claims in his asylum application. Because the IJ followed the appropriate procedures and the record supports a finding that Fernando fabricated a claim of past persecution, the agency did not err in rendering a frivolousness finding. *See Mei Juan Zheng*, 514 F.3d at 180.

For the foregoing reasons, the petition for review is DISMISSED with respect to the asylum claim and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

12